ERIC GRANT
United States Attorney
DHRUV M. SHARMA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:26-cr-00066-DJC |
| Plaintiff, | |
| v. | STIPULATION AND PROTECTIVE ORDER REGARDING DISCOVERY |
| FRANCISCO MARIANO ORANTES, | |
| Defendant. | |

**STIPULATION**

Pursuant to 18 U.S.C. §§ 3509(d) and 3771(a)(8) and Federal Rule of Criminal Procedure 16(d), the undersigned parties hereby stipulate and agree, and respectfully request that the Court order that:

1.      Much of the discovery in this case contains personal, identifying information regarding third parties and victims (adults and minors), including but not limited to their names, physical descriptions, telephone numbers and/or residential addresses. This discovery includes reports, documents, images, and audio and video recordings. The parties agree that entry of a stipulated protective order is appropriate in order to protect the confidentiality of this sensitive discovery, and that a private agreement is not appropriate in light of the nature of the information at issue and the charges in this case.

2.      This Order pertains to all discovery provided to or made available to defense counsel, or that may be provided or made available in the future, that contains the name of, or other personally

STIPULATION AND PROTECTIVE ORDER

1

identifying information about, an identified victim or minor witness (hereafter, collectively known as "protected discovery").  Such protected discovery shall be identified as protected by the government when it is produced to the defense, in a cover letter, or by a specially designated Bates range, or through an e-mail message.

3.     Defense counsel shall not disclose any of the protected discovery or its contents directly or indirectly to any person other than their respective defendant/client, potential witnesses that they are interviewing or preparing for trial, counsel for those witnesses, or anyone employed by defense counsel (such as attorneys, paralegals, secretaries, experts, investigators, and law clerks) in connection with the representation of the defendant in this criminal case.

4.     The defendant may view the protected discovery in the presence of defense counsel and/or a defense investigator, but may not retain a copy or otherwise disseminate the contents.

5.     The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose.

6.     If there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any protected discovery may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become defense counsel for purposes of this Order, and become the custodian of the protected discovery, and shall then become responsible, upon conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 14 below. All members of the defense counsel, whether current or past counsel, are at all times subject to the Order and are not relieved by termination of representation or conclusion of the prosecution.

7.     Defense counsel will store the protected discovery in a secure place, such as a locked office, and shall use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement. To the extent any of the protected discovery, or any copies or reproductions thereof, are stored electronically the protected discovery shall be stored on a password-protected or encrypted storage medium or device. Encryption keys shall be stored securely and not written on the storage media they unlock.

8.     No person or entity authorized to have access to the protected discovery under the terms

STIPULATION AND PROTECTIVE ORDER                    2

of this Order shall input, transmit, upload, process, generate output from, or otherwise expose any protected discovery received pursuant to this Order to any artificial intelligence ("AI") tool without prior written notice to, and corresponding receipt of acknowledgement from, the government. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. When providing written notice for the otherwise prohibited use of an AI tool, defense counsel must specifically identify and describe any AI tool to be used and certify that it does not (i) retain or use any protected discovery for model training, nor (ii) expose any protected discovery to third parties not authorized under this Order to receive such materials. In addition, defense counsel must certify that: (i) defense counsel has implemented reasonable measures to ensure that any AI tool used will maintain the confidentiality of any protected discovery, and (ii) defense counsel will ensure the deletion of all protected discovery from the tool at the conclusion of this case. Defense counsel will be responsible for destroying such information at that time. Under no circumstances will any member of the defense team submit protected discovery to a publicly accessible AI system that retains and uses submitted data to train models. Such AI tools pose unique risks to the security and integrity of protected discovery, given the practical inability to claw back or delete data once it has been incorporated into a model.

9.    If defense counsel makes, or causes to be made, any further copies of any of the protected discovery, defense counsel will ensure that the following notation is physically written or inscribed on each copy made, if the confidentiality of the documents is otherwise not already present on the copied file(s) or hard copies: "CONFIDENTIAL – May Not Be Disseminated Except in Accordance With Court Protective Order."

10.    If defense counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in Paragraph 3, defense counsel shall first provide such recipients with copies of this Order. All such parties are bound by the terms of this Order. All such parties, including defense counsel, defense investigators and support staff, agree that they shall not provide the protected discovery to the defendant or any other witness or copies of the protected discovery, except for the limited situations identified in this Order.

STIPULATION AND PROTECTIVE ORDER

3

11.     Defense counsel shall advise the government counsel of any subpoenas, document requests or claims for access to the protected discovery by third parties if defense counsel is considering disseminating any of the protected discovery to a third party in order that the government may take action to resist or comply with such demands as it may deem appropriate.

12.     Defense counsel shall be responsible for advising the defendant, or his/her client, his/her employees and other members of the defense team, and defense witnesses of the contents of this Order. Defense counsel shall not provide or make available to any person described in Paragraph 3 the protected discovery until that individual has been provided a copy of this Order by defense counsel.

13.     If it becomes necessary to refer to an identified victim or minor witness during any public court proceeding or in a public court filing, the parties shall use designated victim numbers for the identified victim or minor witness (e.g., "Minor Victim 1"), not the actual name of the identified victim or minor witness.

14.     Upon the final disposition of the case, including exhaustion of direct and collateral appellate proceedings, defense counsel shall return the protected discovery to the government, or certify in writing that the protected discovery has been destroyed, or, if defense counsel seeks to maintain the protected discovery in the defense counsel's files beyond final disposition of the case, seek modification of this provision from the Court. If any protected discovery is used as defense exhibits, they shall be returned to the government along with the other protected discovery upon the final disposition of the case, and stored with the government exhibits so long as those are required to be maintained.

15.     Nothing in this Order shall preclude a party from seeking a more restrictive protective order or other court order with regard to particular discovery items.

16.     Defense counsel reserves the right to file objections with the Court concerning the protected status of any material produced by the government, and to seek a less restrictive protective order, including an order requiring redactions in lieu of more restrictive measures, to ensure the defendant has the proper level of access to such material in preparing his defense.  The contested protected materials shall be submitted in camera or under seal to the Court for evaluation, not publicly filed.

STIPULATION AND PROTECTIVE ORDER

4

Dated:  May 1, 2026                                    ERIC GRANT
                                                       United States Attorney


                                                       /s/ *DHRUV M. SHARMA*
                                                       DHRUV M. SHARMA
                                                       Assistant United States Attorney


Dated:  May 1, 2026                                    /s/ *MEGHAN McLOUGHLIN*
                                                       *(as authorized on May 1, 2026)*
                                                       MEGHAN McLOUGHLIN
                                                       Counsel for Defendant
                                                       FRANCISCO MARIANO
                                                       ORANTES

                                    **ORDER**

     By agreement of the parties, and good cause appearing, the Court hereby adopts the stipulation and the terms contained therein.  IT IS SO ORDERED.


DATE:  May 4, 2026
                                    _____
                                    THE HONORABLE CHI SOO KIM
                                    UNITED STATES MAGISTRATE JUDGE

STIPULATION AND PROTECTIVE ORDER                    5